

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# Kong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1989

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kong v. Atty Gen USA" (2005). *2005 Decisions.* Paper 740.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/740

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-1989
_____

DI WU KONG,

Petitioner

v.

*ALBERTO GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,

Respondent

*(Amended pursuant to Rule 43(c), Fed. R. App. Pro.)
_____

ON PETITION FOR REVIEW OF ORDER OF THE
BOARD OF IMMIGRATION APPEALS
(No. A70-699-882)
_____

Submitted pursuant to LAR 34.1(a)
July 11, 2005

Before:  ALITO and BECKER, <u>Circuit</u> <u>Judges</u>, and SHADUR, <u>District</u> <u>Judge</u>*

(Filed: August 4, 2005)
_____

OPINION OF THE COURT
_____

_____

*      Honorable Milton I. Shadur, United States District Judge for the Northern District
of Illinois, sitting by designation.

:

Di Wu Kong ("Petitioner"), a native and citizen of the People's Republic of China ("the PRC"), seeks review of a decision by the Board of Immigration Appeals ("the BIA") affirming a decision by an immigration judge. The Immigration Judge (the "IJ") denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner sought asylum on the basis of his opposition to the PRC's "one child" policy and his fear of persecution and torture if he was returned to the PRC. As we write for the parties only, we do not set out the facts separately. We conclude that the BIA's decision was supported by substantial evidence, and we deny the petition for review.

I.

Where, as here, the BIA affirms an immigration judge's decision without issuing its own separate opinion, this Court reviews the decision of the immigration judge. Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir. 2001). We may not reverse an immigration judge's findings of fact unless the administrative record was such that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(A)-(B). Where an immigration judge's decision is based on an adverse credibility determination, the decision will be affirmed "if there is substantial evidence in the record to support it." Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998).

## II.

An applicant for asylum bears the burden of establishing that he has suffered past persecution or has a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(a)-(b). In order to be eligible for withholding of removal, an alien must demonstrate that he would "more likely than not" be persecuted if he were returned to his home country. Li Wu Lin v. INS, 238 F.3d 239, 244 (3d Cir. 2001). If an applicant cannot meet the standard for asylum, this Court may assume that the applicant cannot meet the higher standard for withholding of removal. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

## III.

Petitioner argues that the IJ's finding that he was credible enough to depart voluntarily means that his testimony was, necessarily, also credible enough to warrant asylum and withholding of removal. Regardless of whatever merit this argument might have, however, its premise is false. The IJ made clear that he was not granting Petitioner voluntary departure because he found the Petitioner credible, but "because of the confusion" regarding how Petitioner entered the United States and what provision of the U.S. Code Petitioner was charged with violating. The IJ's leniency on this point does not entitle Petitioner to asylum or withholding of removal.

## IV.

As the IJ noted, several important aspects of Petitioner's account undermine its

plausibility.

First, Petitioner's account of his approximately 20-day visit to the PRC in 1994 does not fit with his claim that the PRC authorities are searching for him and seeking to persecute him. In his testimony before the IJ, Petitioner said that he obtained the necessary PRC travel documents from a travel agency, which obtained them from the PRC Embassy. Under cross-examination before the IJ, Petitioner acknowledged that he was inspected when he entered and left the PRC, and that PRC border guards stamped entry and departure stamps on his passport. Petitioner nevertheless asserted that he was not detained because the PRC did not have a computerized database at the time.

Second, Petitioner testified before the IJ that he and his wife had lived in several addresses in the PRC from August 1992 until he left the country in October 1992. However, on his biographical statement submitted to the INS, Petitioner listed only a single address in the PRC for the period between October 1988 and October 1992.

Third, there is evidence that Petitioner was improperly tailoring his account to comport with the date of the sterilization certificate. Petitioner testified that his wife was forced to undergo sterilization after the birth of their second child in June 1989, the time of the sterilization certificate. Likewise, Petitioner testified at one point that his second child was born in 1989 and was added to the household registration in 1989. However, there was information provided at the asylum office that Petitioner's second child was added to the household registration in 1992, which suggests that the second child might

-4-

have been born in 1992. Moreover, based on Petitioner's demeanor and his shifting answers regarding the date of his wife's sterilization, the IJ also found that Petitioner appeared to have "[done] his best to memorize the document that was submitted into the record."

Fourth, Petitioner's account of the PRC's attempt to sterilize him and his eventual escape from the hospital is suspect. Petitioner testified that eight men came to his home and forced him to a hospital, and yet no one guarded his hospital room. As a result he was able to escape by throwing a chair through a window, climbing out of it, and running away, despite the "loud noise" when the window broke. This story of abduction and escape assumes an unlikely mix of diligence and absent-mindedness on the part of Petitioner's would-be captors.

Given the lenient standard of review, the evidence is insufficient to compel a conclusion different from the IJ's determination.

V.

As Petitioner failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. See Lukwago, 329 F.3d at 182.

Petitioner also failed to establish that he was entitled to protection under the Convention Against Torture. Aside from a bald assertion that the was entitled to such protection, Petitioner did not address the issue in his brief to this Court.

-5-

## VI.

For the reasons given above, we deny Di Wu Kong's petition.